UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN RUSSOPOULUS, 97-A-1208,

                      Plaintiff,

-vs-

Correction Officer CATER, Correction
Officer RYDZA, Correction Officer
LEWALSKI, Correction Officer
JOHNSON, and Sergeant JOHN DOE,

                      Defendants.

**DEFENDANT LEWALSKI'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

03-CV-0249A(Sc)

Defendant Lewalski (hereinafter referred to as "defendant"), by his attorney, as and for a response to plaintiff's interrogatories and request for production of documents, dated November 24, 2003, states as follows:

### I. GENERAL OBJECTIONS TO INTERROGATORY REQUESTS

Defendant makes the following general objections to the discovery requests:

1. Defendant objects to any and all discovery requests to the extent that they would require the disclosure of information which comes within attorney-client privilege.

2. Defendant objects to any and all discovery requests to the extent that they would require the disclosure of information which comes within the work-product protection, including information obtained as part of the preparation of this case, or in anticipation of Defendant asserting, pursuing and/or defending against the claims in this case or any other related case, and including actions taken for the purpose of preparing the answer for defending against the claims in this case or any other related case.

3. Defendant objects to any and all discovery requests to the extent that they would

require the disclosure of information which would identify the medical condition or claims other personal information relating to his.

4. Defendant objects to any and all discovery requests to the extent that they would require the disclosure of information which is the subject of a non-disclosure agreement and/or a confidentiality agreement with a third-party.

5. Defendant objects to each discovery request propounded to the extent that the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to each discovery request propounded by plaintiff to the extent that the request is vague, overly broad, harassing, burdensome, vexatious and/or oppressive.

7. Defendant objects to each and every discovery request propounded by plaintiff to the extent that the request is a contention interrogatory on the ground that discovery has just commenced in this lawsuit and contention interrogatories at this stage of the litigation are premature.

8. All responses are made to plaintiff's discovery requests without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

   a. All questions as to competency, relevance, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other actions;

   b. The right to object on any ground to the use of any of these responses in any subsequent proceeding or the trial of this action;

   c. The right to object on any ground at any time to a demand for further response to

    these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the requests herein answered; and

  d. The right to supplement and/or amend these responses based upon the recollection of persons presently available or the discovery of additional information.

All responses that may be made to the discovery requests are subject to all of the foregoing objections, and these objections are not waived by furnishing any information in response to these or any other discovery requests.

## RESPONSES TO INTERROGATORY REQUESTS

**INTERROGATORY #1:** State your duties at the Attica Correctional Facility as to being a correction officer on B-18 long term keep lock and S.H.U. gallery. If your duties are set forth in job description or any other document, produce the document.

**RESPONSE:** Assist the 1st officer in running-up 18 Company showers, feed-up, recreation, rounds, and programs on 13 gallery.

**INTERROGATORY #2:** State that on or about February 14, 2002 that you allowed inmate Winfield to assault plaintiff on B-18 gallery.

**RESPONSE:** I deny that I allowed inmate Winfield to allegedly assault plaintiff at any time or anywhere.

**INTERROGATORY #3:** State your reasons for allowing inmate Winfield to assault plaintiff on B-18 gallery.

**RESPONSE:** I deny that I allowed inmate Winfield to allegedly assault plaintiff at any time or anywhere.

3

**INTERROGATORY #4:**   State your reasons for not writting (sic) no misbehavior report to plaintiff or to inmate Winfield, when inmate Winfield assaulted plaintiff on B-18 gallery.

**RESPONSE:**   No such incident took place to defendants knowledge, therefore, there was no need to write a misbehavior report.

**INTERROGATORY #5:**   State what you know about plaintiff also being assaulted on or about February 28, 2002, by inmate Delarosa and being assaulted on March 20, 2002, by inmate Smith.

**RESPONSE:**   I am unaware of that alleged incident on that date.

**INTERROGATORY #6:**   State if you have been to court before for an inmate assaulting another inmate on B-18 gallery.  This was before plaintiff's incidents, produce the documents of when you went to court for allowing an inmate assault on another inmate on B-18 gallery. (sic)

**RESPONSE:**   No, I have not.

**INTERROGATORY #7:**   State if you know anything about defendants Cater, Rydza, Johnson, and J. Keenan, ever going to court for an inmate assault on another inmate on B-18 gallery.

**RESPONSE:**   No, I do not.

**INTERROGATORY #8:**   State if you are willing to take a lie detector test as to what happen (sic) to plaintiff on B-18 gallery between the months of February and March of the year 2002, when plaintiff was assaulted by inmate on B-18 gallery.

4

**RESPONSE:**  Defendant objects to this discovery request as the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, defendant objects to this discovery request propounded by plaintiff as it is overly broad, harassing, burdensome, vexatious and/or oppressive.  Moreover, defendant objects to the request as it requests discovery from defendant that is outside the scope of what is permitted under the Federal Rules of Civil Procedure.

DATED:   Buffalo, New York
         January 7, 2004

                                        ELIOT SPITZER
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        BY: _____
                                        MICHAEL A. SIRAGUSA
                                        Assistant Attorney General of Counsel
                                        107 Delaware Avenue - 4th Floor
                                        Buffalo, New York 14202
                                        (716) 853-8485

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN RUSSOPOULUS, 97-A-1208,

        Plaintiff,

-vs-

Correction Officer CATER, Correction Officer RYDZA, Correction Officer LEWALSKI, Correction Officer JOHNSON, and Sergeant JOHN DOE,

        Defendants.

CERTIFICATE OF SERVICE

03-CV-0249 A(Sc)

---

    The undersigned attorney hereby certifies that on January 7, 2004, a copy of the foregoing Defendant Lewalski's Responses to Plaintiff's Interrogatories and Request for Production of Documents, was securely enclosed in a post-paid wrapper in a Post Office Box regularly maintained by the United States Government at Buffalo, New York, in said County of Erie, directed to the following:

        John Russopoulus (97-A-1208)
        Elmira Correctional Facility
        P.O. Box 500
        Elmira, New York 14902-0500

DATED:    Buffalo, New York
             January 7, 2004

                                      ELIOT SPITZER
                                      Attorney General of the
                                      State of New York
                                      Attorney for Defendants
                                      By: *[signature]*
                                      MICHAEL A. SIRAGUSA
                                      Assistant Attorney General
                                         of Counsel
                                      Statler Towers-4th Floor
                                      Buffalo, New York   14202
                                      (716) 853-8485

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN RUSSOPOULUS, 97-A-1208,

                Plaintiff,

-vs-

Correction Officer CATER, Correction
Officer RYDZA, Correction Officer
LEWALSKI, Correction Officer
JOHNSON, and Sergeant JOHN DOE,

                Defendants.

## DEFENDANT LEWALSKI'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

03-CV-0249 A(Sc)

ELIOT SPITZER
Attorney General of the State
    of New York
Attorney for Defendant(s)
BY:
MICHAEL A. SIRAGUSA
Assistant Attorney General
    of Counsel
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, NY 14202-3473
Telephone: (716) 853-8485

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN RUSSOPOULUS, 97-A-1208,

                Plaintiff,

-vs-

Correction Officer CATER, Correction Officer RYDZA, Correction Officer LEWALSKI, Correction Officer JOHNSON, and Sergeant JOHN DOE,

                Defendants.

---

### DEFENDANT LEWALSKI'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

03-CV-0249 A(Sc)

---

ELIOT SPITZER
Attorney General of the State
  of New York
Attorney for Defendant(s)
BY:
MICHAEL A. SIRAGUSA
Assistant Attorney General
  of Counsel
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, NY 14202-3473
Telephone: (716) 853-8485