UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN RUSSOPOULUS, 97-A-1208,

                Plaintiff,

   -vs-

Correction Officer CATER, Correction           03-CV-0249 A(Sc)
Officer RYDZA, Correction Officer
LEWALSKI, Correction Officer
JOHNSON, and Sergeant JOHN DOE,

                Defendants.
_____


**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**


                                          **ELIOT SPITZER**
                                          **Attorney General of the**
                                          **State of New York**
                                          **Attorney for Defendants**
                                          **BY: MICHAEL A. SIRAGUSA**
                                          **Assistant Attorney General**
                                              **of Counsel**
                                          **Statler Towers, 4th Floor**
                                          **107 Delaware Avenue**
                                          **Buffalo, New York  14202-3473**
                                          **(716) 853-8485**
                                          **Michael.Siragusa@oag.state.ny.us**

## PRELIMINARY STATEMENT

Plaintiff, John Russopoulus ("Plaintiff"), an inmate currently confined at Elmira Correctional Facility, has filed this action seeking damages pursuant to 42 U.S.C. § 1983.  This memorandum is submitted pursuant to Federal Rules of Civil Procedure 15 and 21 in response and in opposition to Plaintiff's Motion for Leave to File an Amended Complaint.  For the reasons and authorities that follow, plaintiff's motion must be denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

By Decision and Order filed on April 3, 2003, the Honorable David G. Larimer permitted plaintiff's suit to go forward against the current defendants (Cater, Rydza, Lewalski and Johnson), however, Judge Larimer dismissed plaintiff's claims against them in their official capacities.  Plaintiff is suing the current defendants for alleged Eighth Amendment violations for failure to protect plaintiff from harm by other prisoners while he was at Attica Correctional Facility ("ACF").

Plaintiff is now seeking to amend his complaint to add eight (8) additional defendants. He claims that Superintent Victor Herbert, James Conway, and Randy James failed to try and minimize any and all improper staffing and inadequate staffing at ACF at the times plaintiff alleges he was harmed. Plaintiff claims that Sergeant Keenan failed to protect him from harm. Lastly, plaintiff claims that D. Fix, W. Kochmanski, M. Meyer, and C.O. Baker all used excessive force upon him.  Plaintiff seeks to bring state law and federal law causes of action against each of these individuals in both their official and individual capacities.   It is important to note that these amendments concern many alleged events occurring on many different dates throughout 2002.

**ARGUMENT**

**PLAINTIFF'S MOTION TO FILE AN AMENDMENT TO HIS COMPLAINT MUST BE DENIED ON THE BASIS OF FUTILITY.**

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Generally, the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the sound discretion of the trial court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party . . . on such terms as are just." FRCP 21; see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 762 (2d Cir. 1990); Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993).

Valid reasons for denying leave to amend include delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, and futility of amendment. See Foman, 371 U.S. at 182; Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. See e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979); Freeman v. Marine Midland Bank-New York, 494 F.2d 1334, 1338 (2d Cir. 1974); Mitchell v. Keane, 974 F. Supp. 332, 344 (S.D.N.Y. 1997). An amendment may be denied on the ground of futility if it is clear that the court would not have jurisdiction over the matters asserted in the amendment. 27A Federal Procedure, L. Ed. § 62:286.

It is the defendants' position that plaintiff's proposed amendments should be denied because: (1) the motion to amend is untimely because the deadline for amending pleadings has long since passed; (2) because permitting these proposed amendments that address numerous events which allegedly occurred throughout the course of a year would be too complicated and confusing to any jury hearing this case; (3) because plaintiff is seeking to sue the parties in their official capacities, and is prohibited from doing so in this action; (4) because many of the proposed defendants did not have sufficient personal involvement in the alleged violations to expose them to liability for their alleged failure to supervise others; and (5) because the Court is without jurisdiction over the state law claims.

### I.    Plaintiff's Motion Is Untimely

In the present case, plaintiff's motion for leave to file an amended complaint should be denied because the deadline imposed by this Honorable Court's October 6, 2003 Scheduling Order has long since passed. The deadline for filing motions to amend or to add parties in this case was November 26, 2003. Plaintiff's motion to amend is dated April 6, 2004, and defendants' counsel did not receive a copy of same until April 9, 2004, almost five (5) months after the Court imposed deadline. Plaintiff claims he attempted to amend back in 2003, however, the Clerk returned his papers and since that time he alleges that has not had sufficient time to get to the law library because of programming requirements. That excuse is inadequate, as plaintiff did not need the use of a law library to amend his complaint. He was able to assert his claims in his original complaint, and is now attempting similar claims in the proposed complaint. Therefore, plaintiff's motion to amend must be denied as untimely.

**II.     The Granting of Plaintiff's Motion Would Cause Confusion and Delay**

If this Honorable Court were to grant plaintiff permission to amend his complaint to add eight (8) additional defendants and assert claims for a number of separate events which took place throughout the course of a year, involving different individuals, it would cause inordinate delay and confusion if this case is ever presented to a jury.

The deadlines for making motions to amend, for completion of discovery, for identifying experts, have all passed. Additionally, the dispositive motion deadline is May 26, 2004. To permit an amendment of this magnitude at this juncture of this case would cause inordinate delay in the proceedings. See Foman, 371 U.S. at 182; Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995). The Court would have to permit time to serve the newly added parties, set a new Scheduling Order in place, expand the discovery time because there would be eight (8) new defendants and a host of new occurrences that would have to be investigated. Plaintiff should be required to file a new and separate action to address these claims. Therefore, plaintiff's motion must be denied.

**III.    Plaintiff's Proposed Claims Against the Defendants In Their
         Official Capacities Must Be Denied**

To the extent that the proposed amended complaint attempts to assert claims based upon State Law and 42 U.S.C. § 1983 against the current and the proposed defendants, this Court lacks subject matter jurisdiction over such claims by virtue of the Eleventh Amendment. Ouern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 731, 98 S.Ct. 3057 (1978); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347 (1974). State defendants are protected by the Eleventh Amendment from legal or equitable claims brought by private parties for alleged constitutional violations. Pennhurst State School and Hospital v. Halderman, 446 U.S. 89, 100

(1984); Yoonessi v. State University of New York, 862 F.Supp. 1005, 1012 (W.D.N.Y. 1994). The State and its agencies are not persons subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); Blanton v. State University of New York, 489 F.2d 377, 382 (2d Cir. 1973).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Department of State Police, 491 U.S. at 71. Thus, plaintiff cannot be permitted to file an amended complaint asserting claims against the current and the proposed defendants in their official capacities. Therefore, plaintiff's motion to amend must be denied as a matter of law.

**IV.     Plaintiff's Proposed Claims Against Herbert, Conway and James Must Be Denied**

As was established in Williams v. Smith, 781 F.2d 319 (2d Cir. 1986) and reaffirmed in Green v. Balvi, 46 F.3d 198, 194 (2d Cir. 1995), the mere allegation that a defendant was somehow involved in a constitutional violation is insufficient to maintain a § 1983 claim. Liability under § 1983 cannot be premised upon a theory of *respondeat superior*. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

Plaintiffs must establish fault and causation on the part of each defendant. Therefore, a defendant's personal involvement in the alleged constitutional violation is a prerequisite to the imposition of damages. See, generally, Monell v. New York City Department of Social Services, 436 U.S. 658, 690-95 (1978); Rizzo v. Goode, 423 U.S. 362, 370-371, 375-377 (1976); Al-Jundi v. State of Nelson Rockefeller, 885 F.2d 1060 (2d Cir. 1989); Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); Williams v. Smith, 781 F.2d 319 (2d Cir. 1986); Mckinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied 434 U.S. 2087 (1978); Rewspress v. Coughlin, 585 F.Supp.

854, 859-60 (S.D.N.Y. 1984).

Plaintiff here has implicated the theory of *respondeat superior* in his allegations against proposed defendants Herbert, Conway and James. Plaintiff relies upon the inadequate and conclusory allegation that these proposed defendants failed to try and minimize any and all improper staffing and inadequate staffing. See Plaintiff's Proposed Amended Complaint, ¶¶ 7(C), 284. These conclusory allegations are insufficient to state a claim against any of the proposed defendants.

Plaintiff's claims are premised primarily on these proposed defendant's general supervisory responsibilities. This is insufficient to state a claim against them, and plaintiff's motion must be denied.

**V.    Plaintiff's Proposed State Law Claims Must Be Denied**

  **A.    New York Corrections Law § 24 Bars Plaintiffs' State Law Claims**

Because the current and proposed defendants are employees of the New York State Department of Correctional Services ("DOCS"), the applicable law that governs jurisdiction concerning plaintiff's state law claims for "tortious actions of negligence, recklessness, carelessness . . . " against them is New York Corrections Law § 24.[1] (See Plaintiff's Proposed Amended Complaint at ¶¶ 7(C), 283-285. Corrections Law § 24(1) provides in pertinent part:

  No civil action shall be brought in any court of the State, except by

---

[1] Section 24 provides that civil actions against DOCS' employees "shall be brought and maintained in the Court of Claims as a claim against the State" (emphasis added). Consequently, § 24 gives the New York State Court of Claims exclusive jurisdiction over "any claim for damages arising out of any act done or the failure to perform any act within the scope of employment and in the discharge of the duties of any officer or employee of [DOCS] ...." Correct. § 24(2). That is the appropriate forum for plaintiffs' state law claims of negligence and any claim for intentional and/or negligent infliction of emotional distress.

>the Attorney General on behalf of the State, against any officer or
>employee of the department, in its personal capacity, for damages
>arising out of any act done or the failure to perform any act within
>the scope of the employment and then the discharge of the duties
>by such officer or employee.

The Second Circuit in <u>Baker v. Coughlin</u>, 77 F.3d 12, 14 (2d Cir. 1996), expressly held that § 24(1) not only provides immunity to DOCS' employees from suit in state Court, but also provides immunity from suit in federal court. <u>See</u> <u>also</u> <u>Candelaria v. Griefinger</u>, 1998 W.L. 187383, *5(N.D.N.Y. 1998); <u>Oiver v. Cuttler</u>, 968 F.Supp. 83, 90 (E.D.N.Y. 1997); <u>Webb v. Foreman</u>, 1997 W.L. 379707, *4 (S.D.N.Y. 1997); <u>Ragland v. Crawford</u>, 1997 W.L. 53279, *7 (S.D.N.Y. 1997).  The <u>Baker</u> Court's holding is based upon the sound legal principle that federal courts stand in the shoes of state court when hearing pendent state law claims.  <u>Id</u>. at 14.

In other words, where state law does not recognize plaintiffs' right to bring a claim in that state's court, the federal court exercising pendent jurisdiction also must apply the state law's prohibitions.  Based upon this reasoning, the <u>Baker</u> Court correctly dismissed plaintiff's claims against medical personnel at Lakeview Shock Incarceration Facility for state law medical malpractice as well as for intentional tort and negligence.  <u>Id</u>.  Accordingly, this Court should deny plaintiff permission to amend his complaint to add state law claims against the current defendants and bring state law claims against the proposed defendants.

Moreover, under § 24(1), DOCS' employees may not be sued in their personal capacities. <u>Jackson v. New York Department of Correctional Services</u>, 994 F.Supp. 219, 224 (S.D.N.Y. 1998).  Section 24(1) bars suits "in any court of the state" against DOCS' employees in their "personal capacities" or individual capacities arising out of any act or failure to act within the scope of their employment.

Here, plaintiff's claims for negligence and any claims for intentional and/or negligent infliction of emotional distress, including any other state law claims set forth in his proposed amended complaint, is a civil action brought against DOCS' employees in their official and/or individual capacities.[2]  Under § 24(2), the proper defendant here would be the "State of New York", because the complaint alleges that the defendants took actions in their capacities as employees of DOCS.  Consequently, defendants cannot be subject to state law tort claims in federal court for their actions as DOCS' employees.  That is, plaintiff wrongfully named the individual defendants to this action with respect to his state law claims.

As set forth above, nor could the plaintiff have named the State of New York, or its agencies, as a defendant under the doctrine of sovereign immunity pursuant to the Eleventh Amendment.  Therefore, this Court does not have jurisdiction over plaintiff's state law claims against the defendants, and plaintiff's motion should be denied as a matter of law.

### B. This Court Does not have Supplemental Jurisdiction over Plaintiffs' State Law Claims pursuant to 28 U.S.C. § 1367

This Court does not have jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367 (¶ 12).  While 1367(a) grants to the district courts' supplemental jurisdiction over certain state law claims, the Eleventh Amendment Doctrine of Sovereign Immunity precludes any such jurisdiction here.  As the Supreme Court recognized in Pennhurst, 465 U.S. at 119, 104 S.Ct. at 918, prior to invoking supplemental jurisdiction over a state law claim under § 1367, the district courts still must comply with the Eleventh Amendment's explicit limitations on their judicial power.

---

[2]In either scenario, the state law claims must be dismissed pursuant to either the Eleventh Amendment or § 24 of the Corrections Law.

Additionally the Second Circuit in Baker stated:

> In applying pendent jurisdiction, federal courts are bound to apply state substantive law to the state claim. This includes any restrictions set by the state on whether a plaintiff may bring a court action regarding the claim. If the state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court.

Baker, 77 F.3d at 15 (emphasis added)(quoting, Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251 (2d Cir. 1991), cert. denied 502 U.S. 1060, 112 S.Ct. 939 (1992)); See also Ragland, 1997 W.L. 53279 at *7. In its Wright decision, this Court also endorsed the Baker Court's reasoning that all plaintiffs' state law claims against defendants in their official DOCS' capacities are barred by the Eleventh Amendment. Baker v. Coughlin, 77 F.3d at 13-14; Wright v. Kelly, 95-CV-0688H at 7.

Plaintiff cannot rely upon 28 U.S.C. § 1367, because of the express language of Corrections Law § 24. In actions brought in federal court under § 1367, the courts must apply the substantive law of the states, including Corrections Law § 24. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1996); Promisel, 943 F.2d at 257; Baker, 77 F.3d 12; Shea v. Icelandair, 925 F.Supp. 1014, 1020 (S.D.N.Y. 1996). Consequently, this Court is bound by Corrections Law § 24, which bars plaintiff's state law claims against the defendants.

Therefore, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 prohibits plaintiff from joining his state law claims against DOCS' employees, with his constitutional claims in this Court. Accordingly, this Court should deny plaintiff's motion to amend as this Court lacks

subject matter jurisdiction over the proposed state law claims.

## CONCLUSION

Accordingly, for the reasons and authorities set forth above, Plaintiff's Motion for Leave to File an Amended Complaint must be denied.

Dated: Buffalo, New York
      May 5, 2004

                                      **ELIOT SPITZER**
                                      **Attorney General of the**
                                            **State of New York**
                                      **Attorney for Defendants**
                                      **By:**
                                      **<u> s/ Michael A. Siragusa    </u>**
                                      **MICHAEL A. SIRAGUSA**
                                      **Assistant Attorney General**
                                            **of Counsel**
                                      **Statler Towers-4th Floor**
                                      **Buffalo, New York   14202**
                                      **(716) 853-8485**
                                      **Michael.Siragusa@oag.state.ny.us**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**JOHN RUSSOPOULUS, 97-A-1208,**

                **Plaintiff,**

  -vs-

**Correction Officer CATER, Correction Officer RYDZA, Correction Officer LEWALSKI, Correction Officer JOHNSON, and Sergeant JOHN DOE,**

                **Defendants.**

03-CV-0249 A(Sc)

---

### CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2004, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

And, I hereby certify that on May 5, 2004, I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

        **John Russopoulus (97-A-1208)**
        **Elmira Correctional Facility**
        **P.O. Box 500**
        **Elmira, New York 14902-0500**

Dated: May 5, 2004

        ELIOT SPITZER
        Attorney General of the
            State of New York
        Attorney for Defendants
        BY:
        s/ Michael A. Siragusa
        MICHAEL A. SIRAGUSA
        Assistant Attorney General
            of Counsel
        NYS Office of the Attorney General
        107 Delaware Avenue
        Buffalo, New York 14202
        (716) 853-8485
        Michael.Siragusa@oag.state.ny.us