UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN RUSSOPOULUS, 97-A-1208,

                Plaintiff,

    -vs-

Correction Officer CATER, Correction          03-CV-0249 A(Sc)
Officer RYDZA, Correction Officer
LEWALSKI, Correction Officer
JOHNSON, and Sergeant JOHN DOE,

                Defendants.
_____

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

                                                    ELIOT SPITZER
                                                    Attorney General of the
                                                    State of New York
                                                    Attorney for Defendants
                                                    BY: MICHAEL A. SIRAGUSA
                                                    Assistant Attorney General
                                                          of Counsel
                                                    Statler Towers, 4th Floor
                                                    107 Delaware Avenue
                                                    Buffalo, New York  14202-3473
                                                    (716) 853-8485
                                                    Michael.Siragusa@oag.state.ny.us

**PRELIMINARY STATEMENT**

Plaintiff, John Russopoulus ("Plaintiff"), an inmate currently confined at Elmira Correctional Facility, initially filed this action seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff now seeks to amend his complaint by adding a number of additional defendants and causes of action under both federal and state law.  This memorandum is submitted pursuant to Federal Rules of Civil Procedure 15 and 21 in response and in opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. Item No. 50).  For the reasons and authorities that follow, plaintiff's motion must be denied.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

By Decision and Order filed on April 3, 2003, the Honorable David G. Larimer permitted plaintiff's suit to go forward against the current defendants (Cater, Rydza, Lewalski and Johnson), however, Judge Larimer dismissed plaintiff's claims against them in their official capacities.  Plaintiff is suing the current defendants for alleged Eighth Amendment violations for failure to protect plaintiff from harm by other prisoners while he was at Attica Correctional Facility ("ACF").

Plaintiff is seeking to amend his complaint to add eight (8) additional defendants and an unspecified number of unknown defendants.  Plaintiff now seeks to assert constitutional claims alleging excessive force, failure to protect, retaliation, and due process violations.  He also seeks to assert state law claims alleging negligence, assault, battery, conversion, and intentional infliction of emotional distress.  It is important to note that these amendments concern many alleged events occurring on many different dates throughout 2002.

**ARGUMENT**

**PLAINTIFF'S MOTION TO FILE AN AMENDMENT TO HIS COMPLAINT MUST BE DENIED ON THE BASIS OF FUTILITY.**

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Generally, the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the sound discretion of the trial court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party . . . on such terms as are just." FRCP 21; see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 762 (2d Cir. 1990); Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993).

Valid reasons for denying leave to amend include delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, and futility of amendment. See Foman, 371 U.S. at 182; Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. See e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979); Freeman v. Marine Midland Bank-New York, 494 F.2d 1334, 1338 (2d Cir. 1974); Mitchell v. Keane, 974 F. Supp. 332, 344 (S.D.N.Y. 1997). An amendment may be denied on the ground of futility if it is clear that the court would not have jurisdiction over the matters asserted in the amendment. 27A Federal Procedure, L. Ed. § 62:286.

It is the defendants' position that plaintiff's proposed amendments to add state law causes of action should be denied because the Court is without jurisdiction over the state law claims.

## I. Plaintiff's Proposed State Law Claims Must Be Denied

### A. New York Corrections Law § 24 Bars Plaintiffs' State Law Claims

Because the current and proposed defendants are employees of the New York State Department of Correctional Services ("DOCS"), the applicable law that governs jurisdiction concerning plaintiff's proposed state law claims for **negligence, assault, battery, conversion, and intentional infliction of emotional distress** against them is New York Corrections Law § 24.[1]  (See Plaintiff's Proposed Amended Complaint at ¶¶ 32-37.  Corrections Law § 24(1) provides in pertinent part:

> No civil action shall be brought in any court of the State, except by the Attorney General on behalf of the State, against any officer or employee of the department, in its personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and then the discharge of the duties by such officer or employee.

The Second Circuit in Baker v. Coughlin, 77 F.3d 12, 14 (2d Cir. 1996), expressly held that § 24(1) not only provides immunity to DOCS' employees from suit in state Court, but also provides immunity from suit in federal court.  See also Candelaria v. Griefinger, 1998 W.L. 187383, *5(N.D.N.Y. 1998); Oiver v. Cuttler, 968 F.Supp. 83, 90 (E.D.N.Y. 1997); Webb v.

---

[1] Section 24 provides that civil actions against DOCS' employees "shall be brought and maintained in the Court of Claims as a claim against the State" (emphasis added).  Consequently, § 24 gives the New York State Court of Claims exclusive jurisdiction over "any claim for damages arising out of any act done or the failure to perform any act within the scope of employment and in the discharge of the duties of any officer or employee of [DOCS] ...." Correct. § 24(2).  That is the appropriate forum for plaintiffs' proposed state law claims of negligence, assault, battery, conversion, and intentional infliction of emotional distress.

Foreman, 1997 W.L. 379707, *4 (S.D.N.Y. 1997); Ragland v. Crawford, 1997 W.L. 53279, *7 (S.D.N.Y. 1997).  The Baker Court's holding is based upon the sound legal principle that federal courts stand in the shoes of state court when hearing pendent state law claims.  Id. at 14.

In other words, where state law does not recognize plaintiffs' right to bring a claim in that state's court, the federal court exercising pendent jurisdiction also must apply the state law's prohibitions.  Based upon this reasoning, the Baker Court correctly dismissed plaintiff's claims against medical personnel at Lakeview Shock Incarceration Facility for state law medical malpractice as well as for intentional tort and negligence.  Id.  Accordingly, this Court should deny plaintiff permission to amend his complaint to add state law claims against the current defendants and bring state law claims against the proposed defendants.

Moreover, under § 24(1), DOCS' employees may not be sued in their personal capacities. Jackson v. New York Department of Correctional Services, 994 F.Supp. 219, 224 (S.D.N.Y. 1998).  Section 24(1) bars suits "in any court of the state" against DOCS' employees in their "personal capacities" or individual capacities arising out of any act or failure to act within the scope of their employment.

Here, plaintiff's claims for negligence, assault, battery, conversion, and intentional infliction of emotional distress, including any other state law claims set forth in his proposed amended complaint, is a civil action brought against DOCS' employees in their official and/or individual capacities.[2]  Under § 24(2), the proper defendant here would be the "State of New York", because the complaint alleges that the defendants took actions in their capacities as

---

[2] In either scenario, the state law claims must be dismissed pursuant to either the Eleventh Amendment or § 24 of the Corrections Law.

employees of DOCS. Consequently, defendants cannot be subject to state law tort claims in federal court for their actions as DOCS' employees. That is, plaintiff wrongfully named the individual defendants to this action with respect to his state law claims.

As set forth above, nor could the plaintiff have named the State of New York, or its agencies, as a defendant under the doctrine of sovereign immunity pursuant to the Eleventh Amendment. Therefore, this Court does not have jurisdiction over plaintiff's state law claims against the defendants, and plaintiff's motion should be denied as a matter of law.

### B. This Court Does not have Supplemental Jurisdiction over Plaintiffs' State Law Claims pursuant to 28 U.S.C. § 1367

This Court does not have jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367 (¶ 12). While 1367(a) grants to the district courts' supplemental jurisdiction over certain state law claims, the Eleventh Amendment Doctrine of Sovereign Immunity precludes any such jurisdiction here. As the Supreme Court recognized in Pennhurst, 465 U.S. at 119, 104 S.Ct. at 918, prior to invoking supplemental jurisdiction over a state law claim under § 1367, the district courts still must comply with the Eleventh Amendment's explicit limitations on their judicial power.

Additionally the Second Circuit in Baker stated:

> In applying pendent jurisdiction, federal courts are bound to apply state substantive law to the state claim. This includes any restrictions set by the state on whether a plaintiff may bring a court action regarding the claim. If the state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court.

Baker, 77 F.3d at 15 (emphasis added)(quoting, Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251 (2d Cir. 1991), cert. denied 502 U.S. 1060, 112 S.Ct. 939 (1992)); See also Ragland, 1997 W.L. 53279 at *7.  In its Wright decision, this Court also endorsed the Baker Court's reasoning that all plaintiffs' state law claims against defendants in their official DOCS' capacities are barred by the Eleventh Amendment.  Baker v. Coughlin, 77 F.3d at 13-14; Wright v. Kelly, 95-CV-0688H at 7.

Plaintiff cannot rely upon 28 U.S.C. § 1367, because of the express language of Corrections Law § 24.  In actions brought in federal court under § 1367, the courts must apply the substantive law of the states, including Corrections Law § 24.  See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1996); Promisel, 943 F.2d at 257; Baker, 77 F.3d 12; Shea v. Icelandair, 925 F.Supp. 1014, 1020 (S.D.N.Y. 1996).  Consequently, this Court is bound by Corrections Law § 24, which bars plaintiff's state law claims against the defendants.

Therefore, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 prohibits plaintiff from joining his state law claims against DOCS' employees, with his constitutional claims in this Court.  Accordingly, this Court should deny plaintiff's motion to amend as this Court lacks subject matter jurisdiction over the proposed state law claims.

## CONCLUSION

Accordingly, for the reasons and authorities set forth above, Plaintiff's Motion for Leave to File an Amended Complaint must be denied.

Dated: Buffalo, New York
February 28, 2005

**ELIOT SPITZER**
**Attorney General of the**
**State of New York**
**Attorney for Defendants**
**By:**
**s/ Michael A. Siragusa**
**MICHAEL A. SIRAGUSA**
**Assistant Attorney General**
**of Counsel**
**Statler Towers-4th Floor**
**Buffalo, New York   14202**
**(716) 853-8485**
**Michael.Siragusa@oag.state.ny.us**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**JOHN RUSSOPOULUS, 97-A-1208,**

                      **Plaintiff,**

     -vs-

**Correction Officer CATER, Correction**           03-CV-0249 A(Sc)
**Officer RYDZA, Correction Officer**
**LEWALSKI, Correction Officer**
**JOHNSON, and Sergeant JOHN DOE,**

                      **Defendants.**
_____

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on February 28, 2005, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

     And, I hereby certify that on February 28, 2005, I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

                      **William A. Gerard, Esq.**
                      **71 Woods Road**
                      **P.O. Box 717**
                      **Palisades, New York 10964**

Dated: February 28, 2005                ELIOT SPITZER
                                                  Attorney General of the
                                                      State of New York
                                                  Attorney for Defendants
                                                  BY:
                                                  <u> s/ Michael A. Siragusa   </u>
                                                  MICHAEL A. SIRAGUSA
                                                  Assistant Attorney General
                                                       of Counsel
                                                  NYS Office of the Attorney General
                                                  107 Delaware Avenue
                                                  Buffalo, New York 14202
                                                  (716) 853-8485
                                                  Michael.Siragusa@oag.state.ny.us