UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN RUSSOPOULUS, 97-A-1208,

                Plaintiff,

    -against-

Attica Correctional Officers
(1) MIKE CATER,
(2) BRIAN RYDZA,
(3) TIMOTHY LEWALSKI,
(4) GARY JOHNSON,
(5) D. FIX,
(6) W. KOCHMANSKI,
(7) M. MEYER,
(8) J. KEENAN,
(9) BAKER, and
(10) JOHN DOES,
Attica Superintendents
(11) RANDY JAMES,
(12) JAMES CONWAY, and
(13) VICTOR HERBERT,

                Defendants.
_____

03-CV- 0249 Sc

AMENDED COMPLAINT

TRIAL BY JURY
DEMANDED

       The plaintiff, by his attorney, William A. Gerard, complaining of the defendants , alleges the following upon information and belief:

## **JURISDICTION**

       1. This is an action at law to redress the deprivation under color of statute, custom or usage of a right, privilege and immunity secured to plaintiff, JOHN

RUSSOPOULUS, by the Constitution and laws of the United States, and arising under the laws, statutes, and regulations of the State of New York.

2. This action is brought pursuant to 42 U.S.C.A. sections 1983, 1986, 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution

3. Jurisdiction is invoked under 28 U.S.C.A. sections 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C.S. section 1391(b), this being the District in which the claims arose.

## PARTIES

5. At all times hereinafter mentioned, plaintiff, JOHN RUSSOPOULUS, was and still is a citizen of the United States and a resident of the state of New York, being a sentenced inmate in the custody of the New York State Department of Correctional Services.

6. At all times hereinafter mentioned the defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (3) TIMOTHY LEWALSKI, (4) GARY JOHNSON, (5) D. FIX, (6) W. KOCHMANSKI, (7) M. MEYER, (8) J. KEENAN, and (9) BAKER, were and still are Correctional Officers employed by the New York State Department of Correctional Services at the Attica Correctional Facility, and, were acting under color of state law, and under color of their authority as Correctional Officers of the State of New York.

7. At all times hereinafter mentioned the defendants, (10) JOHN DOES, were and still are an unknown number of unidentified Correctional Officers of

undetermined rank employed by the New York State Department of Correctional Services at the Attica Correctional Facility, and were acting under color of state law, and under color of authority as Correctional Officers of the State of New York.

8. At all times hereinafter mentioned the defendants, (11) RANDYJAMES, (12) JAMES CONWAY, and (13) VICTOR HERBERT, were and still are Correctional Superintendents employed by the New York State Department of Correctional Services at the Attica Correctional Facility, and were acting under color of state law, and under color of their authority as Correctional Superintendents of the State of New York.

9. Defendants are sued in their individual capacities.

## **FACTS**

Events of February 14, 2002

10. On or about February 14th, 2002, while the plaintiff was being housed at the Attica Correctional Facility in the S.H.U. B-18 Gallery, the defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (3) TIMOTHY LEWALSKI, (8) J. KEENAN, and (10) JOHN DOES, for the purpose of punishing plaintiff, and for their own sport and entertainment, caused and allowed inmate WINFIELD to be released from his cell so that he could physically assault the plaintiff.

11. Inmate WINFIELD did thereupon physically attacked the plaintiff in the hallway, causing pain and physical injuries to the plaintiff.

12. During the physical attack upon the plaintiff by inmate WINFIELD, defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (3) TIMOTHY LEWALSKI, (8) J. KEENAN, and (10) JOHN DOES, watched the attack, but took no action to interfere until after the plaintiff was severely beaten by inmate WINFIELD.

13. Immediately after the attack upon plaintiff, defendant, (1) MIKE CATER, threatened and warned the plaintiff not to report his injuries to the medical staff.

Events of February 28, 2002

14. On or about February 28th, 2002, while the plaintiff was being housed at the Attica Correctional Facility in the S.H.U. B-18 Gallery, the defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (8) J. KEENAN, and (10) JOHN DOES, for the purpose of punishing plaintiff, and for their own sport and entertainment, caused and allowed inmate DELAROSA to be released from his cell so that he could physically assault the plaintiff.

15. Inmate DELAROSA did thereupon physically attack the plaintiff in the hallway, causing pain and physical injuries to the plaintiff.

16. During the physical attack upon the plaintiff by inmate DELAROSA, defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (8) J. KEENAN, and (10) JOHN DOES watched the attack, but took no action to interfere until after the plaintiff was severely beaten by inmate DELAROSA.

17. Immediately after the attack upon plaintiff, defendant (2) BRIAN RYDZA threatened and warned the plaintiff not to report his injuries to the medical staff.

Events of March 20, 2002

18. On or about March 20th, 2002, while the plaintiff was being housed at the Attica Correctional Facility in the S.H.U. B-18 Gallery, the defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (4) GARY JOHNSON, (8) J. KEENAN, and (10) JOHN DOES, for the purpose of punishing plaintiff, and for their own sport and entertainment,

caused and allowed inmate SMITH to be released from his cell so that he could physically assault the plaintiff.

19. Inmate SMITH did thereupon physically attack the plaintiff in the hallway, causing pain and physical injuries to the plaintiff.

20. During the physical attack upon the plaintiff by inmate SMITH, defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (4) GARY JOHNSON, (8) J. KEENAN, and (10) JOHN DOES watched the attack, but took no action to interfere until after the plaintiff was severely beaten by inmate SMITH.

21. Immediately after the attack upon plaintiff by inmate SMITH, defendant, (1) MIKE CATER, instructed another inmate to force plaintiff's dislocated shoulder back into it's socket and such unsuccessful procedure caused further pain and injury to the plaintiff.

22. Immediately after the attack upon plaintiff, defendant, (1) MIKE CATER, threatened and warned the plaintiff not to report the cause of his injuries to the medical staff.

Events Occurring Between March 20, 2002, and September 13, 2002

23. Despite the threats and warnings made to plaintiff not to report his injuries or their cause to the medical staff, the plaintiff did report this information to medical personnel and other officials at the Correctional Facility, and at various times thereafter the plaintiff was subjected to retaliation by defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (3) TIMOTHY LEWALSKI, (4) GARY JOHNSON, (5) D. FIX, (6) W. KOCHMANSKI, (7) M. MEYER, (8) J. KEENAN, and (10) JOHN DOES.

24. Such retaliation involved direct threats of harm to plaintiff, withholding of and tampering with plaintiff's food, withholding of medical care, subjecting plaintiff to false disciplinary charges, confining plaintiff in solitary confinement, denying plaintiff protective custody, withholding basic services such as clothing, shoes, showers and personal hygiene items, and stealing plaintiff's personal property.

25. Plaintiff reported the physical attacks and the retaliation to defendants, (11) RANDYJAMES, (12) JAMES CONWAY, and (13) VICTOR HERBERT orally and in writing on repeated occasions, however, such defendants took no action to deter such conduct, or to protect plaintiff from such conduct, or to punish the persons responsible, despite having knowledge that plaintiff was at risk of continuing harm, and as a result, plaintiff suffered continuing injury a result of retaliatory acts.

Events of September 13, 2002

26. On or about September 13, 2002, while the plaintiff was being transferred out of the Attica Correctional Facility to another correctional facility, defendants , (5) D. FIX, (6) W. KOCHMANSKI, (7) M. MEYER, (9) BAKER, and (10) JOHN DOES, physically attacked the plaintiff causing pain and physical injuries.

27. Immediately after the attack upon plaintiff, defendant (9) BAKER threatened and advised the plaintiff not to report these events to the authorities.

28. After these defendants physically attacked the plaintiff, and he was sent out of the correctional facility without any medical attention and his treatment was thereby delayed until he reached another facility.

Conspiracy

29. Upon information and belief, the retaliatory acts of the correction officers occurring after March 20, 2002, and described herein, were done pursuant to a common plan, practice and understanding between them with the object of punishing plaintiff for reporting his prior injuries and their true cause to medical staff and other prison authorities.

## CLAIMS FOR RELIEF

30. Plaintiff repeats the matters set forth in paragraphs one through eighteen hereof as though fully set forth herein.

31. The actions of defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (3) TIMOTHY LEWALSKI, (8) J. KEENAN, and (10) JOHN DOES in allowing inmate WINFIELD to be released from his cell on February 14, 2002, so that he could physically attack the plaintiff causing physical injury to him, and in standing by during the attack were done maliciously, sadistically, negligently and with deliberate indifference to the obvious risk to plaintiff, and constituted cruel and unusual punishment under the Eighth Amendment of the united states Constitution.

32. The actions of defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (8) J. KEENAN, and (10) JOHN DOES, in allowing inmate DELAROSA to be released from his cell on February 28, 2002, so that he could physically attack the plaintiff causing physical injury to him, and in standing by during the attack were done maliciously, sadistically, negligently and with deliberate indifference to the obvious risk to plaintiff, and constituted cruel and unusual punishment under the Eighth Amendment of the united states Constitution.

33. The actions of defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (4) GARY JOHNSON, (8) J. KEENAN, and (10) JOHN DOES, in allowing inmate SMITH to

be released from his cell on March 20, 2002, so that he could physically attack the plaintiff causing physical injury to him, and in standing by during the attack, and in allowing another inmate to attempt to treat plaintiff's injured arm were done maliciously, sadistically, negligently and with deliberate indifference to the obvious risk to plaintiff, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

34. The actions of defendants, (1) MIKE CATER, (2) BRIAN RYDZA, (3) TIMOTHY LEWALSKI, (4) GARY JOHNSON, (5) D. FIX, (6) W. KOCHMANSKI, (7) M. MEYER, (8) J. KEENAN, and (10) JOHN DOES in engaging in acts of retaliation against the plaintiff between March 20, 2002 and September 13, 2002, involving direct threats of harm, withholding of and tampering with plaintiff's food, withholding of proper medical care, subjecting plaintiff to false disciplinary charges, confining plaintiff in solitary confinement, denying plaintiff protective custody, withholding basic services such as clothing, shoes, showers and personal hygiene items, and stealing plaintiff's personal property, were done maliciously, sadistically, negligently and with deliberate indifference to the obvious risk to plaintiff and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution, and a denial of due process under the Fifth and Fourteenth Amendments of the United States Constitution.

35. The actions of defendants, (11) RANDYJAMES, (12) JAMES CONWAY, and (13) VICTOR HERBERT, in failing to take action to deter the retaliatory conduct, or to protect plaintiff from such conduct, or to punish the persons responsible, despite having knowledge that plaintiff was at risk of continuing harm, were done maliciously, sadistically, negligently and with deliberate indifference to the obvious risk to plaintiff and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

36. The actions of defendants, (5) D. FIX, (6) W. KOCHMANSKI, (7) M. MEYER, (9) BAKER, and (10) JOHN DOES, in threatening and physically attacking the plaintiff causing pain and physical injuries on September 13, 2002, were done maliciously, sadistically, negligently and with deliberate indifference to the obvious risk to plaintiff and constituted cruel and unusual punishment under the Eighth Amendment of the united states Constitution, and constituted a denial of due process under the Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE**, plaintiff, JOHN RUSSOPOULUS, asks Judgment against said defendants and each of them for the following relief:

A. Award compensatory damages in the sum of Two Hundred Thousand ($200,000.00) dollars against each defendant;

B. Award punitive damages for knowing, intentional, wrongful and malicious conduct in the sum of Two Hundred Thousand ($200,000.00) dollars against each defendant.

Dated: Palisades, N.Y.
June 11, 2005

*[signature]*
WILLIAM A. GERARD (5062)
Attorney for Plaintiff
JOHN RUSSOPOULUS
71 Woods Road, P.O. Box 717
Palisades, New York 10964
(845) 365-3121

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. 03-CV-0249 Sc 2005
_____

**JOHN RUSSOPOULUS**,

                         Plaintiff,

-against-

Attica Correctional Officers
(1) MIKE CATER,
(2) BRIAN RYDZA,
(3) TIMOTHY LEWALSKI,
(4) GARY JOHNSON,
(5) D. FIX,
(6) W. KOCHMANSKI,
(7) M. MEYER,
(8) J. KEENAN,
(9) BAKER, and
(10) JOHN DOES,
Attica Superintendents
(11) RANDY JAMES,
(12) JAMES CONWAY, and
(13) VICTOR HERBERT,

                         Defendants.
_____

**AMENDED COMPLAINT**
_____

WILLIAM A. GERARD
Attorney for Plaintiff
JOHN RUSSOPOULUS
71 Woods Rd., P.O. Box 717
Palisades, New York 10964
(845) 365-3121

_____

To:

                         Yours, etc.,

                         William A. Gerard (5062)