**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**JOHN RUSSOPOULUS, 97-A-1208,**

        **Plaintiff,**

    **-vs-**

**Correction Officer CATER, Correction**           **03-CV-0249(Sc)**
**Officer RYDZA, Correction Officer**
**LEWALSKI, and Correction Officer**
**JOHNSON,**

        **Defendants.**
_____

**MEMORANDUM OF LAW**
**OF DEFENDANTS JOHNSON AND LEWALSKI**
**IN SUPPORT OF MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**
ELIOT SPITZER
Attorney General of the
State of New York
Attorney for Defendants
BY:
KIM S. MURPHY
Assistant Attorney General
of Counsel
107 Delaware Avenue
Statler Towers - 4th Floor
Buffalo, New York 14202
(716) 853- 8477
Kim.Murphy@oag.state.ny.us

**UNITED STATES DISTRICT COURT**

WESTERN DISTRICT OF NEW YORK
_____

**JOHN RUSSOPOULUS, 97-A-1208,**

            **Plaintiff,**

    **-vs-**

**Correction Officer CATER, Correction**                               03-CV-0249Sc
**Officer RYDZA, Correction Officer**
**LEWALSKI, Correction Officer**
**JOHNSON, and Sergeant JOHN DOE,**

            **Defendants.**
_____

## Preliminary Statement

Plaintiff John Russopoulus, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), asserts that his constitutional rights were violated while he was housed at Attica Correctional Facility ("Attica"). Plaintiff has served an amended complaint against Correction Officers Cater, Rydza, Lewalski and Johnson in which he alleges that these officers intentionally let other inmates out of their cells in order to assault him on February 14, 2002, February 28, 2002 and March 20, 2002. Plaintiff further alleges that defendants retaliated against him for his complaints in this regard.

## Facts

For a statement of the relevant facts, defendants respectfully refer this Court to the declarations of Gary Johnson executed on May 12, 2006 ("Johnson Declaration") and Timothy Lewalski executed on May 11, 2006 ("Lewalski Declaration"), along with the Statement of Undisputed Facts dated May 12, 2006, all of which accompanied defendants' Partial Summary

Judgment Motion.

## **Summary Judgment**

It is respectfully submitted that defendants here have introduced sufficient evidence in the form of their accompanying Declarations demonstrating their entitlement for Summary Judgment. Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

The non-movant may not rest on a showing which is "merely colorable" or is "not significantly probative." Anderson, 477 U.S. at 249-50, but must bring forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A fact is "material" only if it has some effect on the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); *see* Catanzaro v. Weiden, 140 F.3d 91, 93 (2d Cir. 1998). A "bald assertion completely unsupported by evidence" will not suffice. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991). The non-moving party may not simply rest on the averments of the complaint. Celotex Corp. V.Catrett, 477 U.S. 317, 324 (1986). Speculative and conclusory allegations are insufficient to meet this burden. Allen v. Coughlin, 64 F.3d 77, 80 (2d Cir. 1995).

## Argument

### POINT I

### PLAINTIFF HERE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO HIS CLAIM AGAINST OFFICER LEWALSKI.

The Prison Litigation Reform Act ("PLRA") of 1996, 42 U.S.C. § 1997e(a) requires exhaustion of all administrative remedies that are available to the inmate, before an inmate may commence an action under section 1983 of this title, or any other Federal law. *See also* Abney v. McGinness, 380 F.3d 663 (2d Cir. 2004). This exhaustion requirement "applies to all inmate suits about prison life, whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Plaintiff's relevant grievances fail to ever mention any involvement by Sergeant Lewalski. Lewalski Declaration, paragraph 5.

The Second Circuit has formulated a three-part framework to analyze contentions that an inmate failed to exhaust administrative remedies. Braham v. Clancy, 425 F.3d 177, 181-82 (2d Cir. 2005)(analyzing Hemphill, 308 F.3d at 686). Depending upon the inmate's explanation for the alleged failure to exhaust, the court must first ask "whether administrative remedies were in fact 'available' to the prisoner." *Id.* (citing Abney, 380 F.3d 663). Second, the court should make a determination as to whether the defendants are estopped from asserting the exhaustion defense if their actions inhibited the inmate from exhausting administrative remedies. *Id.* (citing Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004)(per curiam)). Lastly, if it is found that administrative remedies were available and there are no grounds for estoppel, "the court should consider 'whether special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with the administrative procedural requirements.'" *Id.* (quoting

Giano v. Goord, 380 F.3d 670, 675-76 [2d Cir. 2004]).

Under this three-part analysis adopted by the Second Circuit, plaintiff here can offer no justification for his failure to utilize the grievance process with respect to Sergeant Lewalski. First, plaintiff has not and cannot deny that the grievance procedure was "available" to him as a remedy for his claims. *See* Neal v. Goord, 267 F.3d 116 (2d Cir. 2001)(requiring grievance where inmate alleged conditions of his confinement fell below Eighth Amendment standards); Hemphill, 380 F.3d at 686-87("administrative remedies were 'available' to Hemphill... DOCS provided both a regular grievance mechanism and a special expedited process for resolving prisoner complaints of staff misconduct"). There is a three-step grievance procedure to resolve inmate complaints in New York. New York Code R. & Regs., tit. 7, pt. 701; *see* Hemphill v. New York, 380 F.3d at 682 (2d Cir. 2004)(describing the procedures). The fact that the grievance process was available to plaintiff is evident from the grievances he filed concerning this action. Lewalski Declaration, paragraph 5.

Second, there is no basis for an estoppel argument under the second prong of the Second Circuit's analysis. Plaintiff has made no allegations that the defendants' behavior made the grievance procedure unavailable to him with respect to Sergeant Lewalski or that such behavior should be a predicate for estoppel because he did file grievances against certain defendants. Third, there are no special circumstances justifying plaintiff's failure to exhaust against Sergeant Lewalski. The fact that plaintiff was able to name certain officers, demonstrates plaintiff could have named Sergeant Lewalski. In fact, Sergeant Lewalski was regularly stationed in B-Block, Gallery 18 where plaintiff had been housed, so there is no justification for plaintiff's failure to name him. Lewalski Declaration, paragraph 1. Accordingly, the complaint should be dismissed

as a matter of law for plaintiff's failure to exhaust his administrative remedies.

## POINT II

### OFFICERS LEWALSKI AND JOHNSON LACK PERSONAL INVOLVEMENT IN THIS ACTION.

A state employee cannot be held liable under 42 U.S.C. § 1983 absent a showing that he or she was personally involved in the violation of the plaintiff's constitutionally protected rights. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award for damages under § 1983. McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1979). "Absent some personal involvement [by a defendant] . . . in the allegedly unlawful conduct of his subordinates, he cannot be held liable under § 1983." Garrido v. Coughlin, 716 F.Supp. 98, 100 (S.D.N.Y. 1989) (*quoting* Gill v. Mooney, 824 F.2d 192, 196 [2d Cir. 1987].

The Second Circuit had identified the ways in which a defendant may be personally involved:

> (1) direct involvement in the infraction; (2) failure to remedy the violation after notice; (3) institution of a policy or custom which permitted the infraction to occur, or the continuation of an unconstitutional policy or custom; (4) acting in a manner constituting gross negligence in the management of subordinates responsible for the violation; or (5) exhibiting deliberate indifference by failing to act on information that unconstitutional acts were occurring.

Colon, 58 F.3d at 973; Williams v. Smith, 781 F.2d 319, 323, 324 (2d Cir. 1986). In the absence of such involvement, a defendant is not liable. *See* Rizzo v. Goode, 423 U.S. 362 (1976); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993). The Second Circuit has also clarified what is meant by the phrase "direct participation" in Provost v. City of Newburgh, et. al., 262

F.3d 146, 155 (2d Cir. 2001) where the Court explained that "direct participation" as a basis of liability requires "intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal".

Officer Johnson was not working in B-Block where plaintiff was held at the time of the events alleged in the complaint. Johnson Declaration, paragraphs 3 through 5. In fact, Officer Johnson was incorrectly served in this action. Johnson Declaration, paragraph 7. Officer Johnson had no personal involvement with plaintiff. Johnson Declaration paragraphs 7-8. Therefore, summary judgment should be granted in his favor on the grounds of lack of personal involvement.

Similarly, Sergeant Lewalski's lack of personal involvement entitles him to summary judgment as evidenced by the fact that he was not even named in any grievances or complaints attached to the complaint. *See also* Lewalski Declaration, paragraph 5. Moreover, Sergeant Lewalski was on a regular day off on March 20, 2002, which is the only day that plaintiff reported an alleged assault to medical staff. Lewalski Declaration, paragraph 3. Therefore, he cannot be personally involved in such allegations. Nor could either Sergeant Lewalski or Officer Johnson retaliate against plaintiff because they were not the subjects of his complaints or grievances. Accordingly, the claims against defendants Johnson and Lewalski should be dismissed for lack of personal involvement.

## **Conclusion**

For the foregoing reasons and as set forth above in their moving papers, the Motion for Partial Summary Judgment of defendants Johnson and Lewalski should be granted.

DATED:    Buffalo, New York
               May 12, 2006

                                      ELIOT SPITZER
                                      Attorney General of the
                                      State of New York
                                      Attorney for Defendants
                                      BY:

                                      /s KIM S. MURPHY_____
                                      KIM S. MURPHY
                                      Assistant Attorney General
                                       of Counsel
                                      Statler Towers, 4th Floor
                                      107 Delaware Avenue
                                      Buffalo, New York 14202-3473
                                      (716) 853-8477
                                      Kim.Murphy@oag.state.ny.us

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

**JOHN RUSSOPOULUS, 97-A-1208,**

        **Plaintiff,**

    **-vs-**

**Correction Officer CATER, Correction**            03-CV-0249 A(Sc)
**Officer RYDZA, Correction Officer
LEWALSKI, Correction Officer
JOHNSON, and Sergeant JOHN DOE,**

        **Defendants.**
_____

### CERTIFICATE OF SERVICE

    I hereby certify that on May 12, 2006, I electronically filed the foregoing Memorandum of Law with the Clerk of the District Court using its CM/ECF system.

    And, I hereby certify that on May 12, 2006, I mailed the foregoing Memorandum of Law, by the United States Postal Service, to the following non-CM/ECF participant, to his last known address:

        John Russopoulus, 97-A-1208
        Elmira Correctional Facility
        P.O. Box 500
        Elmira, NY 14902-0500

                ELIOT SPITZER
                Attorney General of the State of New York
                Attorney for Defendants
                BY:
                 s/ Kim S. Murphy
                KIM S. MURPHY
                Assistant Attorney General
                    of Counsel
                NYS Office of the Attorney General
                107 Delaware Avenue
                Buffalo, New York 14202
                (716) 853-8477
                Kim. Murphy@oag.state.ny.us