UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

John Russopoulus,

                               Plaintiff,                      **Hon. Hugh B. Scott**

                                                                   03CV249

v.                                                                   **Order**

Cater, et al.,

                               Defendant.
_____

       A status conference was conducted in this matter on May 23, 2006. The defendants have filed a motion seeking partial summary judgment. Inasmuch as trial in this matter is set to commence in a few weeks, the following schedule shall apply: the plaintiff shall respond to the motion for summary judgment by June 5, 2006. The motion will be submitted without oral argument.

       The trial in this matter shall commence on June 20, 2006. Pretrial statements are due June 16, 2006.

       During the status conference the parties raised an issue regarding what defendants have been properly served in this case. It appears that on April 28, 2005, the Court granted the plaintiff's request to file an Amended Complaint naming additional defendants in this case The Order directed that the plaintiff file the Amended Complaint within 20 days of that date. The plaintiff did not file the Amended Complaint in that time frame. On June 22, 2005, the plaintiff

requested an extension to July 22, 2005 to file an Amended Complaint. That request was granted and the plaintiff did file an Amended Complaint on July 22, 2005. Pursuant to the Rule 4 of the Federal Rules of Civil Procedure, service of the summons and complaint must be made within 120 days of the filing of the complaint. Once again, the plaintiff did not meet this requirement. On April 10, 2006, this Court entered an Order directing that pretrial statements be filed by June 1, 2006. At that time, the Court noted that although the plaintiff had sought leave to add parties in this action, the docket reflected that the plaintiff failed to effectuate service upon any additional defendants and that the time to do so had long passed. On April 25, 2006, the plaintiff filed several Affidavits of Service purporting to effectuate service upon the following individuals: James Conway (Docket Nos. 67 and 72); Baker[1] (Docket Nos. 68 and 71); John Does (Docket Nos. 69 and 73); D. Fix (Docket Nos. 70 and 74); Victor Herbert (Docket Nos. 75 and 76); J. Kennan (Docket Nos. 77 and 78); W. Kockmanski (Docket No. 79); and M. Myer (Docket No. 80). The various affidavits reflect that purported service was made by leaving a copy of the pleadings with Sandy Prusack, a records coordinator at the Attica Correctional Facility, followed by a mailing to the Attica Correctional Facility. The defendants maintain that service under these circumstances is not effective. It is unclear, based on the record before the Court, whether these individuals have, in fact, ever received a copy of the summons and complaint in this matter. It is also uncertain as to whether the plaintiff has provided sufficient information for service upon an individual named "Baker" or the "John Does." In any event, the Court notes that the plaintiff has failed to serve these plaintiff's within the 120 day time period, and also failed to file certificates of service in a timely manner. The plaintiff has never requested

---

[1] The individual was not identified by first name.

an extension of time to effectuate service and has not articulated good cause for the failure to identify and serve these individuals in a timely manner. The Court finds that the plaintiff has failed to properly effectuate service upon these individuals.

    So Ordered.

                                                  /s/ Hugh B. Scott
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
May 24, 2006